UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE ZILICH,<br><br>    Plaintiff<br><br>  v.<br><br>DR. DOLL, et al.,<br><br>    Defendants | CIVIL ACTION NO. 3:13-CV-02814<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

  Plaintiff Wayne Zilich, proceeding *pro se*, filed the instant civil rights action under 42 U.S.C. § 1983 on November 7, 2013. (Doc. 1). Zilich is currently paroled at the Erie Community Corrections Center ("CCC"). The allegations that give rise to this complaint occurred while Zilich was incarcerated at the State Correctional Institution at Rockview (SCI-Rockview) in Bellefonte, Pennsylvania. (Doc. 1). Specifically, Zilich alleges an Eighth Amendment violation arising from the medical treatment he received by Defendants Dr. Doll, Dr. Symons, Ted Williams, and Marirosa Lamas while incarcerated at SCI-Rockview. (Doc. 1). Defendants have filed motions to dismiss. (Doc. 11; Doc. 17). Additionally, pending before this Court is Zilich's motion to amend his complaint. (Doc. 23).

**I. BACKGROUND**

  Plaintiff Wayne Zilich initiated this § 1983 action by filing a *pro se* complaint on November 18, 2013. (Doc. 1). In his complaint, Zilich alleges that on December 15, 2011, he presented at sick-call with chest pains, fluid accumulation in the lungs, and breathing difficulties, and was treated by Dr. Doll for asthma. (Doc. 1). He claims he was misdiagnosed and had actually suffered a heart attack, which was not discovered for three months. (Doc. 1).

Zilich further asserts that heart surgery was delayed for a year. (Doc. 1). In addition to his allegations relating to his heart condition, Zilich asserts claims against Dr. Symons relating to the delay in treatment of his back, shoulder and hip. Zilich seeks money damages against these Defendants for their deliberate indifference to his medical needs, which he alleges exacerbated his injuries.

Zilich was granted leave to proceed *in forma pauperis* on December 16, 2013. (Doc. 7). That same day, the summons and complaint were served on all Defendants. (Doc. 8). On April 2, 2014, a waiver of service was returned by Defendants Marirosa Lamas and Ted Williams. (Doc. 13). On April 24, 2014, a notice of appearance was entered on behalf of Defendant Dr. Doll. (Doc. 16). However, a waiver of service was returned unexecuted as to Dr. Symons. (Doc. 21). On March 18, 2014, Defendants Marirosa Lamas and Ted Williams filed a motion to dismiss the complaint (Doc. 11), together with a brief in support of their motion. (Doc. 12). On April 24, 2014, Defendant Dr. Doll filed a motion to dismiss. The brief in support of this motion to dismiss was filed on June 9, 2014. (Doc. 22). No brief in opposition to these motions was filed.

On July 3, 2014, Zilich filed a motion for leave to amend his complaint to include additional defendants and newly discovered evidence supporting his theories of liability. (Doc. 23). A proposed amended complaint was not attached to this motion. On July 10, 2014, Defendants Marirosa Lamas, Ted Williams, and Dr. Doll filed a brief in opposition to the motion to amend the complaint. (Doc. 24; Doc. 25). The motions are now ripe for disposition.

**II.    LEGAL STANDARD**

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit, discussing the evolving standards governing pleading practice in federal court, has stated in relevant part:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the

Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**III.  DISCUSSION**

    A.  PERSONAL INVOLVEMENT

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir. 1997). An allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to § 1983 liability. *Padilla v. Beard*, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual

knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

Aside from naming Defendants Marirosa Lamas and Ted Williams in the caption of the complaint, Zilich has not alleged any facts demonstrating these Defendants' personal involvement in the alleged misconduct forming the basis of the complaint. As such, it is recommended that these Defendants be dismissed without prejudice.

### B. EIGHTH AMENDMENT CLAIM

From what can be gleaned from the complaint, Zilich has asserted an Eighth Amendment claim against various SCI-Rockwell medical personnel. While incarcerated at SCI-Rockview, Zilich alleges that Defendants, Dr. Doll and Dr. Symons, acted with deliberate indifference to his health and safety by misdiagnosing his heart attack as an asthma attack, and by delaying surgical intervention for his heart, back, shoulder and hip. Zilich does not allege that he was denied medical treatment altogether, but merely that the aforementioned Defendants misdiagnosed his heart condition and failed to schedule surgical procedures for various conditions.

To state a cognizable Eighth Amendment claim for improper medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious." *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978). With respect to the deliberate indifference prong of the *Estelle* standard, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients. *Inmates of Allegheny*

*County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). "[M]ere allegations of malpractice do not raise issues of constitutional import." *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Specifically, "a claim of misdiagnosis would sound in negligence as a malpractice suit, and does not constitute deliberate indifference." *Weigher v. Prison Health Servs.*, 402 Fed.Appx. 668, 670 (3d Cir. 2010). Moreover, a difference of opinion between the prison medical staff and the inmate regarding the diagnosis or treatment received by the inmate does not constitute deliberate indifference. *Lanzaro*, 834 F.2d at 346; *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). The key question is whether the defendant has provided the inmate with some type of treatment, regardless of whether it is what the inmate desires. *Farmer*, 685 F. Supp. at 1339. In his complaint, Zilich fails to allege anything more than misdiagnosis and difference in opinion with respect to the treatment of his various medical conditions.

Accordingly, Zilich's § 1983 claim against Dr. Doll and Dr. Symons should be dismissed without prejudice.

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). . In this case, there is nothing to suggest that amendment of Zilich's deliberate indifferent claims against these Defendants would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Zilich be granted leave to amend his complaint within a specified time period following dismissal of his claims against these Defendants.

**V.    RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Defendants' motions to dismiss (Doc. 11; Doc. 17) be **GRANTED** and the complaint (Doc. 1) be **DISMISSED** for failure to state a claim;

2. Plaintiff's motion for leave to file an amended complaint (Doc. 23) be **GRANTED**;

3. Upon filing of the amended complaint, Plaintiff be directed to provide the Court with a valid address for Defendant Dr. Symons in order to effectuate proper service on this named Defendant; and

4. This matter be remanded to the undersigned for further proceedings.

**Dated: December 2, 2014**                                         *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE ZILICH,<br><br>                    Plaintiff<br><br>         v.<br><br>DR. DOLL, et al.,<br><br>                    Defendants | CIVIL ACTION NO. 3:13-CV-02814<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 2, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 2, 2014**                                      *s/ Karoline Mehalchick*
                                                                                                **KAROLINE MEHALCHICK**
                                                                                                **United States Magistrate Judge**