UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE ZILICH,                       :
                                    :
  Plaintiff            CIVIL ACTION NO. 3:13-2814
                                    :
  v.                        (MANNION, D.J.)
                       :    (MEHALCHICK, M.J.)
DR. DOLL, *et al.*,
                                    :
  Defendants                        :
                                    :

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Mehalchick, (Doc. 26), recommending that the motions to dismiss of defendants, (Docs. 11, 17) be granted, that plaintiff's complaint, (Doc. 1), be dismissed, and that plaintiff's motion for leave to file an amended complaint, (Doc. 23), be granted. No objections to the report have been filed.

## I.     BACKGROUND

Plaintiff Wayne Zilich is a former inmate at SCI Rockview and is currently paroled at the Erie Community Corrections Center. He brings this suit pursuant to 42 U.S.C. §1983 alleging an Eighth Amendment violation arising from his medical care while incarcerated. He claims that he presented at sick call with chest pain and breathing difficulties, and was treated for asthma by Dr. Doll. However, he states that he had actually suffered a heart

attack, a fact which was not discovered for months. He further alleges that surgery was delayed for a year by prison medical staff. He also asserts claims against Dr. Symons for delaying in treating his back, shoulder, and hip.

Plaintiff, proceeding pro se, brought suit against Dr. Doll and Dr. Symons, two doctors at SCI Rockview. He also brought suit against Ted Williams, the medical administrator, and Marirosa Lamas, the prison superintendent. (Doc. 1). Lamas and Williams filed a motion to dismiss, (Doc. 11), as did Dr. Doll. (Doc. 17). Plaintiff did not file briefs in response to these motions. A waiver of service was returned unexecuted as to Dr. Symons. Plaintiff filed a motion for leave to amend his complaint to include additional defendants and newly discovered evidence. (Doc. 23). Defendants filed briefs in opposition to the motion. (Docs. 24, 25).

## II.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III.   DISCUSSION

As Judge Mehalchick explains, plaintiff has failed to sufficiently allege that defendants Lamas and Williams were personally involved in the deprivation of his rights. To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. See Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on

other grounds)(citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, plaintiff has merely named defendants Lamas and Williams, but included no facts to support their involvement. Accordingly, the court concurs with Judge Mehalchick's conclusion that the motion to dismiss of these defendants, (Doc. 11), be **GRANTED**.

As Judge Mehalchick further points out, plaintiff has failed to sufficiently allege a violation of the Eighth Amendment for deliberate indifference to medical needs as to Dr. Doll and Dr. Symons. In order to establish an Eighth Amendment medical claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff here simply alleges that he was misdiagnosed and his treatment was delayed. These facts are not sufficient to sustain a claim for deliberate indifference, and so Dr. Doll's motion to dismiss, (Doc. 17), is **GRANTED** and the claims against Dr. Doll and Symons are **DISMISSED**.

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, *e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). The court, therefore, concurs with Judge Mehalchick's determination that plaintiff should be granted an opportunity to amend his complaint.

## IV.  CONCLUSION

For the above reasons, the report and recommendation of Judge Mehalchick, (Doc. 26), is **ADOPTED IN FULL**. The defendants' motions to dismiss, (Doc. 11, Doc. 17), are **GRANTED**, and plaintiff's complaint, (Doc. 1), is **DISMISSED without prejudice** to filing an Amended Complaint on or before January 30, 2015. Plaintiff's motion to amend his complaint, (Doc. 23), is **GRANTED**. Upon the filing of his amended complaint, plaintiff must also provide a valid address for Dr. Symons so that service may be effectuated upon him. The case is remanded to Judge Mehalchick for further proceedings. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 24, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2814-01.wpd