UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE ZILICH,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-2814** |
| : | |
| v. : | **(MANNION, D.J.)** |
| : | **(MEHALCHICK, M.J.)** |
| **DR. DOLL,** *et al.*, : | |
| : | |
| **Defendants** : | |
| : | |

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Mehalchick, (Doc. 43), recommending that the motion to dismiss plaintiff's amended complaint, (Doc. 33), of defendants Ted Williams and the SCI Medical Review Board, (Doc. 34), be **GRANTED** except for one claim as against Williams, and that the motion to dismiss of defendant Dr. Doll, (Doc. 36), be **GRANTED**. Judge Mehalchick also recommends that plaintiff's amended complaint as against defendants Marirosa Lamas and Dr. Symons be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1) and §1915(e)(2)(B)(ii) for failure to state a claim. No objections to the report have been filed.

## I.   BACKGROUND

Plaintiff Wayne Zilich is a former inmate at SCI Rockview and is currently residing in Erie, Pennsylvania. He brought this suit pursuant to 42

U.S.C. §1983 alleging Eighth Amendment violations arising from his medical care while incarcerated.

Plaintiff, proceeding pro se, originally filed this action against Dr. Doll and Dr. Symons, two doctors at SCI Rockview, as well as against Ted Williams, the prison health care administrator, and Marirosa Lamas, the prison superintendent. (Doc. 1). Lamas and Williams filed a motion to dismiss, (Doc. 11), as did Dr. Doll. (Doc. 17). These motions, as well as plaintiff's motion to amend his complaint to include additional defendants and newly discovered evidence, (Doc. 23), were granted. (Doc. 28). Plaintiff filed his amended complaint on June 4, 2015. (Doc. 33).

On June 9, 2015, defendants Williams and the SCI Medical Review Board filed a motion to dismiss plaintiff's amended complaint. (Doc. 34). On June 22, 2015, defendant Dr. Doll filed a motion to dismiss. (Doc. 36). Defendants filed their briefs in support of their motions. Plaintiff failed to file his briefs in opposition to the motions despite being granted an extension of time within which to do so. Dr. Symons did not respond to plaintiff's pleading since plaintiff failed to provide a valid address for Dr. Symons as directed resulting in the lack of service upon him. On December 4, 2015, Judge Mehalchick issued her report and recommendation. Plaintiff did not file objections to the report and recommendation.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**III. DISCUSSION**

Initially, Judge Mehalchick deems plaintiff as not opposing defendants' motions to dismiss under Local Rule 7.6.

Judge Mehalchick also points out that defendant SCI Medical Review Board is not a person under §1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (state agency prison medical department cannot be sued under §1983 since it is not a person) (citation omitted). Thus, this defendant will be **DISMISSED WITH PREJUDICE**.

As Judge Mehalchick explains, plaintiff has failed to sufficiently allege in his amended pleading that defendant Lamas was personally involved in the deprivation of his rights. To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. See Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on other grounds)(citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, plaintiff has impermissibly named defendant Lamas based on *respondeat superior*, and included no facts to support her involvement. Accordingly, the court concurs with Judge Mehalchick's conclusion that defendant Lamas should be **DISMISSED WITH PREJUDICE** since plaintiff

was already allowed to amend his pleading once to properly state claims against all defendants.

As Judge Mehalchick further points out, plaintiff has failed to sufficiently allege a violation of the Eighth Amendment for deliberate indifference to his medical needs as to Dr. Doll and Dr. Symons. Even though Dr. Symons did not file a motion to dismiss, Judge Mehalchick screened plaintiff's amended complaint as required.

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). As Judge Mehalchick thoroughly explains, plaintiff's allegations against the two physicians do not sufficiently state a claim for deliberate indifference. Thus, Dr. Doll's motion to dismiss, (Doc. 36), is **GRANTED**, and the claims against Dr. Doll and Dr. Symons are **DISMISSED WITH PREJUDICE**.

Next, Judge Mehalchick recommends that all of the claims against defendant Williams be dismissed with prejudice except for plaintiff's claim of deliberate indifference as it relates to the denial of shoulder surgery. The

court agrees and will only allow plaintiff's Eighth Amendment deliberate indifference claim that defendant Williams intentionally denied him shoulder surgery to proceed. All other claims against defendant Williams are **DISMISSED WITH PREJUDICE**.

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Plaintiff was already allowed to amend his complaint to correct deficiencies. The court, therefore, concurs with Judge Mehalchick's determination that plaintiff should not be granted a second opportunity to amend his pleading and, that any further amendment as to the Medical Review Board, Lamas, Dr. Symons, and Dr. Doll is futile.

## IV.  CONCLUSION

For the above reasons, the report and recommendation of Judge Mehalchick, (Doc. 43), is **ADOPTED IN FULL**. The defendants' motions to dismiss plaintiff's amended complaint, (Docs. 34, 36), are **GRANTED**. All claims against defendants Lamas and Dr. Symons are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915A(b)(1) and §1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff's Eighth Amendment deliberate indifference claim as against defendant Williams regarding the denial of shoulder surgery

6

is **PERMITTED TO PROCEED**. All other claims against defendant Williams are **DISMISSED WITH PREJUDICE**. The case is remanded to Judge Mehalchick for further proceedings. A separate order shall issue.

                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**Date: January 11, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2814-03.wpd