# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE ZILICH, : | |
| : | |
| **Plaintiff** | **CIVIL ACTION NO. 3:13-2814** |
| : | |
| v. | **(MANNION, D.J.)** |
| : | **(MEHALCHICK, M.J.)** |
| DR. DOLL, *et al.*, | |
| : | |
| **Defendants** | |
| : | |

# **M E M O R A N D U M**

Before the court is the report and recommendation of Judge Mehalchick, (Doc. 64), recommending that the motion for summary judgment of defendant Ted Williams, (Doc. 53), be **GRANTED** with respect to the one remaining claim against him in plaintiff Wayne Zilich's amended complaint, (Doc. 33). Judge Mehalchick finds that the undisputed evidence shows that plaintiff did not properly exhaust his administrative remedies regarding his claim before he brought this action, and that he failed to establish the personal involvement of defendant Williams with respect to the Eighth Amendment denial of proper medical care claim. No objections to the report have been filed despite the fact that plaintiff's request for a 45-day extension of time to object was granted. (Doc. 65, Doc. 66).

I. **BACKGROUND**

Plaintiff Wayne Zilich is a former inmate at SCI Rockview and is currently residing in Erie, Pennsylvania. He brought this suit pursuant to 42 U.S.C. §1983 alleging Eighth Amendment violations arising from his medical care while incarcerated.

Plaintiff, proceeding pro se, originally filed this action against Dr. Doll and Dr. Symons, two doctors at SCI Rockview, as well as against Ted Williams, the prison health care administrator, and Marirosa Lamas, the prison superintendent. (Doc. 1). Lamas and Williams filed a motion to dismiss, (Doc. 11), as did Dr. Doll. (Doc. 17). These motions, as well as plaintiff's motion to amend his complaint to include additional defendants and newly discovered evidence, (Doc. 23), were granted. (Doc. 28). Plaintiff filed his amended complaint on June 4, 2015. (Doc. 33).

On June 9, 2015, defendants Williams and the SCI Medical Review Board filed a motion to dismiss plaintiff's amended complaint. (Doc. 34). On June 22, 2015, defendant Dr. Doll filed a motion to dismiss. (Doc. 36). Defendants filed their briefs in support of their motions. Plaintiff failed to file his briefs in opposition to the motions despite being granted an extension of time within which to do so. Dr. Symons did not respond to plaintiff's pleading since plaintiff failed to provide a valid address for Dr. Symons as directed resulting in the lack of service upon him. On December 4, 2015, Judge Mehalchick issued a report and recommendation. Judge Mehalchick

2

recommended that all of the claims against all of the defendants be dismissed with prejudice except for plaintiff's claim of deliberate indifference regarding the denial of shoulder surgery against defendant Williams. Plaintiff did not file objections to the report.

On January 11, 2016, the court issued a memorandum and order, (Doc. 44, Doc. 45), directing as follows:

> The report and recommendation of Judge Mehalchick, (Doc. 43), is **ADOPTED IN FULL**. The defendants' motions to dismiss plaintiff's amended complaint, (Docs. 34, 36), are **GRANTED**. All claims against defendants Lamas and Dr. Symons are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915A(b)(1) and §1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff's Eighth Amendment deliberate indifference claim as against defendant Williams regarding the denial of shoulder surgery is **PERMITTED TO PROCEED**. All other claims against defendant Williams are **DISMISSED WITH PREJUDICE**.

On June 10, 2016, defendant Williams filed a motion for summary judgment along with a brief in support, statement of material facts and an appendix of exhibits. (Doc. 53, Doc. 54, Doc. 55, Doc. 56). Plaintiff filed his brief in opposition on August 18, 2016. (Doc. 60). Defendant Williams filed a reply brief, (Doc. 62), and plaintiff filed a sur-reply brief, (Doc. 63). On January 30, 2017, Judge Mehalchick issued her report. (Doc. 64). As mentioned, no objections have been filed.

## II.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of

a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III. DISCUSSION

Initially, Judge Mehalchick finds that plaintiff filed this case before he received his response to his final appeal of his grievance and thus, he did not

4

properly exhaust his administrative remedies prior to filing suit in federal court as required. Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. *See* 42 U.S.C. §1997e(a); Woodford v. Ngo, 548 U.S. 81 (2006).The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 548 at 92. The court finds no error with Judge Mehalchick's conclusion that plaintiff failed to properly exhaust administrative remedies before he filed his complaint.

Next, as Judge Mehalchick explains, plaintiff has failed to sufficiently allege in his amended pleading that defendant Williams was personally involved in the deprivation of his Eighth Amendment rights since there was no evidence that showed back or shoulder surgery was ever prescribed for plaintiff. To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on other grounds)(citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).Thus, plaintiff's Eighth Amendment deliberate indifference claim against defendant Williams alleging

5

that he intentionally denied plaintiff shoulder surgery fails.

Accordingly, the court concurs with Judge Mehalchick's conclusion that defendant Williams' motion for summary judgment should be granted.

## IV. CONCLUSION

For the above reasons, the report and recommendation of Judge Mehalchick, (Doc. 64), is **ADOPTED IN FULL**. Defendant Williams' motion for summary judgment regarding plaintiff's remaining Eighth Amendment claim, (Doc. 53), is **GRANTED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 11, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2814-05.wpd